986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mark S. FRANCIS, Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services, Appellee.
 No. 92-2466.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 29, 1993.
Filed: February 4, 1993.
 
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mark S. Francis appeals from the district court's[1] order denying his motion for summary judgment and granting the Secretary's motion for summary judgment in this social security case. We affirm.
 
 
 2
 The federal government awarded Francis a civil service disability retirement annuity under 5 U.S.C. § 8337 when he retired from the civil service because of a psychiatric disorder. He receives the annuity in monthly payments. The Social Security Administration (SSA) awarded Francis social security disability insurance benefits for the same disorder, but reduced the benefits under 42 U.S.C. § 424a, based on his receipt of the civil service annuity. Section 424a requires reduction of disability insurance benefits to a certain limit when a claimant is under age sixty-five and also receives "periodic benefits on account of his or her total or partial disability (whether or not permanent)" under "any ... law or plan of the United States."
 
 
 3
 Francis protested that his civil service annuity payments did not require an offset under section 424a. He also challenged the SSA's assignment of an eighteen-month continuing disability review period. After obtaining a final decision from the Secretary affirming the offset and concluding that a continuing disability review period was not appealable, Francis brought this action in the district court. The district court agreed with the Secretary, and granted his motion for summary judgment. This appeal followed.
 
 
 4
 Francis argues that his annuity is deferred compensation and not a public disability benefit encompassed by section 424a. We review this question of statutory interpretation de novo, giving "appropriate deference to the Secretary's interpretation of the Act." Smith v. Sullivan, No. 92-1430, slip op. at 4 (8th Cir. Dec. 30, 1992). The payments at issue are made monthly, they are made on account of a disability, and they are authorized by federal law. We agree with the district court that these payments are subject to the section 424a offset provision. Francis also argues that the offset provision is unconstitutional as applied to a civil service disability annuity. He concedes, however, that the provision was intended to eliminate duplicative benefits. The district court correctly upheld the provision. See Richardson v. Belcher, 404 U.S. 78, 82-84 (1971).
 
 
 5
 Assignments of periodic disability reviews are not listed among those SSA actions that are or are not subject to administrative and judicial review under 20 C.F.R. §§ 404.902 and 404.903 (1992). As the district court observed, however, suspension of benefits pending an investigation-an unreviewable matter under section 903-is an even more severe restraint than assignment of a periodic review. We agree with the district court that the periodic review is thus not reviewable either.
 
 
 6
 We have carefully considered and reject the remainder of Francis's arguments.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota, adopting the report and recommendation of The HONORABLE FLOYD E. BOLINE, United States Magistrate Judge for the District of Minnesota